UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CORSAIR INVESTMENTS LLC,

                Petitioner,

- against -

KATRA HOLDINGS LIMITED,

                Respondent.

18 Civ. _____

---

**PETITION TO CONFIRM A NONDOMESTIC ARBITRAL AWARD**

Petitioner Corsair Investments LLC ("Corsair") hereby submits this petition to confirm a nondomestic arbitral award falling under the Convention on the Recognition and Enforcement of Foreign Arbitration Arbitral Awards (the "New York Convention"). In support of the petition, Corsair states and alleges as follows:

**PARTIES**

1. Corsair, together with its affiliates, is a private equity firm based in New York. Founded in 1992 as a wholly-owned subsidiary of J.P. Morgan, Corsair became an independently owned and operated firm in 2006. Corsair establishes and manages private equity funds for a diverse range of institutional and individual investors, specializing in the global financial services industry.

2. On information and belief, respondent Katra Holdings Ltd. ("Katra") is a company having its corporate office at 24 Cybercity, 5th Floor Ebene Esplanade, Ebene, Mauritius, and is a Mauritius entity.

3. On information and belief, nonparty Standard Chartered Bank (Mauritius) Limited ("SCB Mauritius") is a banking company organized under the laws of Mauritius with an office in Port Louis, Mauritius. It is a subsidiary of Standard Chartered Bank.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants United States district courts original jurisdiction over civil actions arising under the laws and treaties of the United States.  The arbitration agreement and arbitral award at issue fall under the New York Convention by the agreement of the parties, and also because they arose out of a commercial relationship among the arbitrating parties, and because two of the three arbitrating parties, Katra and SCB Mauritius, are not citizens of the United States.  *See* 9 U.S.C. § 202.  Under 9 U.S.C. § 203, "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States," and "[t]he district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

5.      This Court has personal jurisdiction over Katra because Katra (i) contractually agreed to arbitrate in New York, (ii) initiated an arbitration in New York, (iii) threatened to litigate the arbitration agreement's arbitrator selection provision in New York state court, and (iv) participated in the arbitration to completion, including by having two of its principals attend and testify at a two-week hearing that took place in New York.  This confirmation proceeding concerns the arbitral award issued at the conclusion of the arbitration.

6.      Venue is proper in this district pursuant to 9 U.S.C. § 204 because the arbitration agreement provides for arbitration in New York County.

## FACTUAL ALLEGATIONS

A.      **The Escrow Agreement**

7.      On May 12, 2007, Katra, Corsair, SCB Mauritius, and other entities entered into an Amended and Restated Escrow and Transaction Settlement Agreement (the "Escrow Agreement").  The Escrow Agreement concerned transactions of shares of a privately-held

2

Indian bank. Pursuant to the Escrow Agreement, Katra agreed to act as the seller's broker, Corsair agreed to act as the buyers' broker, and SCB Mauritius agreed to act as the escrow agent for the shares to be deposited on behalf of the sellers and money to be deposited on behalf of the buyers. The Escrow Agreement is governed by Indian law, except for a limited number of clauses that are governed by New York law and that were not at issue in the arbitration.

8. Clause 15 of the Escrow Agreement, entitled "Dispute Resolution," is the Escrow Agreement's arbitration clause. Clause 15.1 reads:

> Each of Corsair, Katra and the Escrow and Transaction Settlement Agent (the "Arbitrating Parties") agree to negotiate in good faith to resolve any dispute, difference or claim among the Arbitrating Parties arising out of or in connection[] with this Agreement, including the construction, validity, execution, performance, termination or breach hereof. If negotiations do not resolve such dispute, difference or claim to the reasonable satisfaction of the Arbitrating Parties within 15 (fifteen) Business days of their initiation, then the Arbitrating Parties shall submit to binding arbitration. The arbitration shall be conducted according to the Commercial Arbitration Rules of the American Arbitration Association. The place of arbitration shall be New York, New York or such other place as may be agreed upon by the Arbitrating Parties. The Arbitrating Parties shall attempt to agree upon one arbitrator, but if they are unable to agree, each of Arranger, Corsair and the Escrow and Transaction Settlement Agent shall appoint an arbitrator and the total number of arbitrators shall be three. Expenses of the arbitrator(s) shall be divided equally between the Arbitrating Parties to such arbitration.
>
> Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof, and shall be enforceable against the Arbitrating Parties in accordance with the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, as amended.

9. The Escrow Agreement was amended in April 2008, but the amendment did not affect Section 15 of the Escrow Agreement and made clear that, except for specifically amended provisions, "all of the other terms and provisions of the Escrow Agreement shall continue in full force and effect."

**B.     The Arbitration**

10.     By March 2012, a dispute related to the Escrow Agreement had arisen among Katra, Corsair, and SCB Mauritius.  That month, Katra sent Corsair and SCB Mauritius a letter stating its intent to "initiate arbitration proceedings with the American Arbitration Association." Katra stated that it "may also seek relief in aid of arbitration from the Courts of the State of New York."

11.     In April 2012, Katra commenced an arbitration against Corsair and SCB Mauritius, as well as against certain of their affiliates which were not parties to the Escrow Agreement, by filing a Notice of Intention to Arbitrate, a Commercial Arbitration Rules Demand for Arbitration, and a Statement of Claim with the International Centre for Dispute Resolution (the "ICDR"), a division of the American Arbitration Association ("AAA"), at its New York office.  The Notice of Intention to Arbitrate and the Commercial Arbitration Rules Demand for Arbitration each stated that the arbitration would take place in New York pursuant to the AAA Rules.  From that day forward, the ICDR administered the arbitration out of its New York office.

12.     In the arbitration, Katra asserted fraudulent inducement, breach of contract, and other claims against Corsair and SCB Mauritius.  Corsair denied liability, and asserted counterclaims for breach of contract and unjust enrichment.  All parties to the arbitration made claims for attorneys' fees and costs.

13.     In addition, in its First Amended Statement of Claim, Katra reiterated its "inten[t] to commence a separate court proceeding in New York State Supreme Court challenging the validity" of the portion of the arbitration clause providing for the selection of arbitrators.  Katra never commenced such an action, because Corsair and SCB Mauritius agreed to Katra's alternate proposal for the selection of arbitrators:  the parties would jointly select the chairperson, Katra would select one arbitrator, and Corsair and SCB Mauritius would jointly select one arbitrator.

Pursuant to that agreement, the parties jointly selected James Carter as the chairperson, Katra selected Linda Addison as a panelist, and Corsair and SCB Mauritius jointly selected Joe Smouha as a panelist.

14. In July 2014, Addison withdrew from the panel. In August 2014, Katra selected the Hon. E. Leo Milonas as Addison's replacement.

15. After years of motion practice, document productions, and exchanges of written testimony by fact and expert witnesses, the arbitrators presided over a two-week merits hearing that took place in New York in January and March 2015. Seventeen total fact and expert witnesses provided live testimony. Katra was represented by counsel at the hearing. Two of its principals, Ramesh Vangal and Anand Subramanian, were present for the entire hearing, and both testified at the hearing, by written submission and by live testimony. The parties submitted post-hearing briefing between May and July 2015.

16. In September 2015, the arbitration panel issued a 44-page written award. In the award, the arbitration panel, inter alia, rejected all of Katra's claims and awarded Corsair $6,384,784.03 "as [its] reasonable costs of this arbitration, together with interest thereon running from the date 30 days after the date of transmission of this Final Award to it at a rate of 3% per annum."

**D.     Grounds for Confirmation**

17. The United States is a party to the New York Convention. Its implementing statute is Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq*.

18. The arbitration agreement and arbitral award at issue fall under the New York Convention by the agreement of the parties, and also because they arose out of a commercial relationship among the arbitrating parties, and because two of the three arbitrating parties, Katra and SCB Mauritius, are not citizens of the United States. *See* 9 U.S.C. § 202.

19. Article IV of the New York Convention provides: "1. To obtain the recognition and enforcement mentioned in the preceding article, the party applying for recognition and enforcement shall, at the time of the application, supply: (a) The duly authenticated original award or a duly certified copy thereof; (b) The original agreement referred to in article II or a duly certified copy thereof."

20. Exhibit 1 to the declaration of Frances E. Bivens, filed herewith, is a true and correct copy of the original award.

21. Exhibit 2 to the declaration of Frances E. Bivens, filed herewith, is a true and correct copy of the original agreement.

22. Where an arbitral award falls under the New York Convention, the FAA provides: "Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said convention." 9 U.S.C. § 207.

23. This petition is timely under the FAA because it is being filed within three years of the issuance of the arbitral award in September 2015.

24. Katra cannot in good faith raise any of the delineated reasons under the New York Convention for non-recognition of the arbitral award.

25. Article V(1)(a) of the New York Convention provides an exception to recognition or enforcement where "the parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it." It does not apply because Corsair, Katra, and SCB

Mauritius were competent to enter into the arbitration clause, and because the agreement to arbitrate is valid under Indian law.

26. Article V(1)(b) of the New York Convention provides an exception to recognition or enforcement where "[t]he party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case." It does not apply because Katra was given proper notice of the appointment of the arbitrators and of the arbitration proceedings, and it was able to present its case during a two-week hearing that featured testimony from seventeen fact and expert witnesses and through additional written testimony and other submissions.

27. Article V(1)(c) of the New York Convention provides an exception to recognition or enforcement where "[t]he award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration." It does not apply because the arbitration concerned disputes arising from the Escrow Agreement, and the arbitration clause required arbitration of "any dispute, difference or claim among the Arbitrating Parties arising out of or in connection[] with this [Escrow] Agreement, including the construction, validity, execution, performance, termination or breach hereof." Ex. 2 § 15.1.

28. Article V(1)(d) of the New York Convention provides an exception to recognition or enforcement where "[t]he composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place." It does not apply because the arbitrators were selected through the method that Katra demanded when it initiated the arbitration, with the chair (Carter) selected by all of the parties, a second arbitrator selected

by Katra (first Addison, and then Milonas as her replacement), and a third arbitrator selected jointly by Corsair and SCB Mauritius (Smouha). In addition, the Commercial Arbitration Rules of the AAA supplied the procedural rules for the arbitration, as required by the arbitration clause.

29. Article V(1)(e) of the New York Convention provides an exception to recognition or enforcement where "[t]he award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made." It does not apply because the arbitral award has become binding on the parties, and has not been set aside by any court.

30. Article V(2)(a) of the New York Convention provides an exception to recognition or enforcement where "[t]he subject matter of the difference is not capable of settlement by arbitration under the law of that country [where the recognition and enforcement is sought]." It does not apply because the subject matter of the arbitration is capable of settlement by arbitration under the laws of the United States.

31. Article V(2)(b) of the New York Convention provides an exception to recognition or enforcement where "[t]he recognition or enforcement of the award would be contrary to the public policy of that country [where the recognition and enforcement is sought]." It does not apply because the recognition or enforcement of the award would not be contrary to the public policy of the United States.

32. Katra has not yet paid amounts owed to Corsair under the arbitral award.

## PRAYER FOR RELIEF

WHEREFORE, Corsair requests that this Court confirm the arbitral award, and grant such other and further relief as it deems just and proper.

Dated: New York, New York
September 7, 2018

                        DAVIS POLK & WARDWELL LLP

                        By: /s/ Frances E. Bivens
                            Frances E. Bivens
                            450 Lexington Avenue
                            New York, New York 10017
                            Tel:  (212) 450-4000

*Attorneys for Petitioner*
  *Corsair Investments LLC*

9